UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES D. CUMMINGS,<br><br>    Plaintiff,<br><br>  v.<br><br>JAMES A. HANSON, AND FORT WAYNE PUBLIC DEFENDERS OFFICE,<br><br>    Defendants. | CAUSE NO.: 3:19-CV-185-RLM-MGG |

OPINON AND ORDER

James D. Cummings, a prisoner without a lawyer, filed a complaint alleging that his state court criminal defense attorney divulged confidential information to the court, lied to the court, and tried to negotiate a plea agreement for him but didn't record the discussion. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670

(7th Cir. 2006). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the State and the attorney is not acting under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981). Thus, this complaint doesn't state a claim upon which relief can be granted.

Though it is usually appropriate to give a plaintiff a chance to file an amended complaint when a case is dismissed on the court's own motion, *see* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013), it's unnecessary when the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). That's the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because this complaint does not state a claim upon which relief can be granted.

SO ORDERED on March 21, 2019

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT